## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RACHAEL CRIVELLI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No.  4:21-cv-2336** |
| | § | |
| **THE CITY OF KATY, TEXAS,** | § | |
| | § | |
| **Defendant.** | § | **A Jury is Demanded.** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Rachael Crivelli, plaintiff, sues the City of Katy, Texas ("Katy"), for sex discrimination and retaliation.

## Statement of the Case

The National Fire Protection Association estimates that 92 percent of all career firefighters in America are male.  Female firefighters not only fight fires -- they fight discrimination and retaliation, as well.

The City of Katy, Texas maintains a fire department that discriminates and retaliates against female fire fighters.  Rather than support female fire fighters, the City of Katy's fire department engaged in a campaign to terminate Rachael Crivelli because she is a woman who spoke out against discrimination and retaliation. In response to Ms. Crivelli's filing a charge of

1

discrimination against a former employer, the City of Katy trumped up charges of harassment and terminated her employment. The City's retaliation tarnished the career of a talented female firefighter, undermined the employment status and tenure of women firefighters, and damaged the safety and security of the Katy community.

**1.**

**<u>Facts Supporting Relief</u>**

**<u>Rachael Crivelli Is Qualified to Be a Firefighter.</u>**

1.1    Rachael Crivelli's childhood dream was to become a firefighter. Ms. Crivelli is currently a firefighter for Navasota, Texas.

1.2    Ms. Crivelli started fighting fires over 20 years ago and has served in several different fire departments in the Greater Houston Area.

1.3    Ms. Crivelli is a decorated firefighter and has received awards and commendations for her work.

1.4    Ms. Crivelli is fully qualified to be a firefighter and EMS medical professional in any county in Texas.

1.5    Ms. Crivelli has completed a significant number training and certifications from various firefighting schools.

## Katy Hired Ms. Crivelli as A Firefighter

1.6    After completing all necessary tests, physical certifications, and other requirements, the City of Katy hired Ms. Crivelli as a firefighter on August 13, 2018.

1.7    Battalion Chief Jordan Smith was assigned to be the supervisor for Ms. Crivelli.

## Discrimination Against Females On Ms. Crivelli's First Shift

1.8    Ms. Crivelli's initial shift began on August 26 and 27, 2018.

1.9    During that shift, a male firefighter, Mr. Lee[1], told Ms. Crivelli that he was not happy there and that she should find another place to work.

1.10   On August 28, 2018, Ms. Crivelli responded to a medical call with other firefighters, including June Ha, a female firefighter.

1.11   The call did not go well and afterwards, Ms. Crivelli was pressured to criticize Ms. Ha's performance.

1.12   Another firefighter, Mr. Briscoe, told Ms. Crivelli that they were trying to get Ms. Ha off the truck.

---

[1] Attempts have been made to discern the first name of firefighters mentioned.  Due to the fact that most firefighters use last names, Ms. Crivelli was not always aware of the first name of the individual firefighter.

**Katy Does Not Want Women Firefighters On Trucks.**

1.13   A few shifts later, an automatic alarm was called.  Ms. Crivelli was already in the engine and a shift crew member said he would take the call.  Two male firefighters, Mr. Pedro and Mr. Briscoe climbed into the truck.  Mr. Pedro told Ms. Crivelli sternly to "get the fuck off the truck."

1.14   Ms. Crivelli exited the truck.

1.15   Lt. Melvin "Alex" Hardy asked Ms. Crivelli why she did not go on the call.  Ms. Crivelli told him what Mr. Pedro had said.  Mr. Hardy told Ms. Crivelli that she had more experience as a firefighter and should put Mr. Pedro in his place.

**A Male Firefighter Calls Ms. Crivelli a Liar About Her Experience.**

1.16   When Mr. Pedro and Mr. Briscoe returned, they argued about who would ride first line.  Mr. Pedro said that he had more experience and therefore would take the nozzle.  Ms. Crivelli said that she had the most experience as compared to Mr. Pedro.

1.17   Mr. Pedro looked at Ms. Crivelli and asked if she was kidding. He said that she was a "nobody" and has no experience.  Mr. Pedro said that he has worked with people that know Ms. Crivelli and that she needed to stop lying about her experience.

1.18   Ms. Crivelli did have more experience than Mr. Pedro.

1.19   Mr. Pedro and the reaction of the other firefighters was humiliating and demeaning.

1.20   Later that same day, while riding in the engine, Mr. Pedro and Mr. Briscoe were having a conversation on the headset.  Ms. Crivelli asked Mr. Pedro what was going on and Mr. Pedro responded that it was none of her business and that she did not belong in this conversation or in any conversation.

1.21   Ms. Crivelli asked Mr. Pedro to roll down the window because she  was hot.  Mr. Pedro said that she did not care if she was hot.

**Examples of Discrimination and Retaliation against Women at the Katy Fire Department are Numerous.**

1.22   Examples of the discriminatory and retaliatory conduct of the male firefighters against female firefighters, and Ms. Crivelli in particular, range in degree from petty to serious.  Taken as a whole, these actions show a department that is dangerous for female firefighters and which endangers the community which it professes to serve.  Some of these actions are detailed below:

- On September 2, 2018, Mr. Clark, Mr. Lee, and Mr. Briscoe were looking for a movie to watch in the day room. Ms. Crivelli asked if she could stay.  They said they did not care.

The movie chosen was "We Own The Night" which has graphic sex scenes. The male firefighters stated that "this is awkward" and Ms. Crivelli left.

- On October 2, 2018, Mr. Lee, Mr. Briscoe, and Mr. Clark were talking outside the firehouse and Ms. Crivelli tried to join the conversation. Mr. Lee snapped at Ms. Crivelli saying that she always has something to say and for her to mind her own business;

- On October 8, 2018, Mr. Smith issued a fitted ball cap to Ms. Crivelli. When Ms. Crivelli asked for a cap that took into account her hair and pony-tail, Mr. Smith refused;

- On October 9, 2018, Ms. Crivelli was doing dishes in the kitchen. Mr. Minor, Ms. Ha, Mr. Lee, Mr. Don, Mr. Briscoe, Mr. Ramirez, Mr. Hugo, and Mr. Pedro were present. The discussion turned to women in the military. Mr. Pedro said that all women are always trying to prove something and it pisses him off. Mr. Pedro said that he was so sick of women trying to prove they can be something they are not and brushed past Ms. Crivelli. Ms. Crivelli asked Mr. Minor if Mr. Pedro just said that to her. Mr. Minor said do not worry about it;

- On October 9, 2018, Ms. Crivelli requested to pull Engine 3 (a truck) out of the bay to continue with her assigned maintenance. Ms. Crivelli is fully licensed and qualified to drive Engine 3. Mr. Smith refused. Ms. Crivelli said that she was qualified to drive. Mr. Smith just stared at her and told her to worry about other things. Ms. Crivelli had to tell another Captain that she was not permitted to move the truck;

- On October 9, 2018, Ms. Crivelli asked Captain Oscar Villegas if she could cut and sew a hole in the official ball cap to accommodate her hair. Captain Villegas told Ms. Crivelli to check with Mr. Smith. Ms. Crivelli asked Mr. Smith. In front of the other firefighters, Mr. Smith said that Ms. Crivelli asked the most stupidest questions and asked why Ms. Crivelli would want to cut a hole in her hat. Ms. Crivelli said because of her hair. Mr. Smith said that Ms. Crivelli should just shave her head. The crew present started laughing and Mr. Smith continued on about shaving her head. Present were Devante

Minor, Adam Lipsman, T. Lee, June Ha, P. Briscoe and Oscar Villegas.  Ms. Crivelli said that her husband liked her hair long.  Mr. Smith said that his wife kept her hair short so her hair fits under her helmet.  Mr. Smith then said that he did not care, but he would prefer she shave her head.

- Following a number of shifts, Mr. Smith gave Ms. Crivelli an old style hat and told her to get rid of the one she had modified because it looked retarded.
- On October 20, 2018, Ms. Crivelli attempted to report a change in her medications.  When she reported to Mr. Smith, he told her that she asked the stupidest questions and told her that she did not need to report her medication change.

1.23   These examples are not an exclusive list.

**Ms. Crivelli Informs Co-Workers of Her Intent To File A Charge of Discrimination and Retaliation Against MCESD7**

1.24   On October 21, 2018, Ms. Crivelli was called to the Captain's office to have a progress meeting with Engine Operator Ferguson and Lt. Crowell.

1.25   In that meeting, Ms. Crivelli informed Mr. Ferguson and Mr. Crowell of her intent to file a charge of discrimination and retaliation against her former employer.

1.26   Mr. Ferguson and Mr. Crowell told Ms. Crivelli that they did not need to know about that.  Ms. Crivelli told them it was in case rumors started or she became a target.

1.27   Ms. Crivelli also informed Mr. Ferguson and Mr. Crowell of the discriminatory and retaliatory treatment of her by Mr. Pedro and his comments about women and Ms. Crivelli in particular.

1.28   Mr. Ferguson and Mr. Crowell discouraged Ms. Crivelli from filing a complaint.  They both suggested that Ms. Crivelli should just try to work it out with Mr. Pedro.

1.29   Ms. Crivelli told Mr. Ferguson and Mr. Crowell that she had tried.  They informed her that Mr. Pedro had numerous complaints against him.

1.30   The Katy Fire Department has a standing order to report sexual discrimination or retaliation in the work place.  Mr. Ferguson and Mr. Crowell violated that order.

## Ms. Crivelli Told Her Battalion Chief, But He Already Knew.

1.31   Later that same day, Ms. Crivelli informed Mr. Smith that she was in the process of filing a charge of discrimination and retaliation against the Montgomery County Emergency Services District #7, ("MCESD7").

1.32   Mr. Smith responded that he was fully aware of Ms. Crivelli's situation with her former employer.

1.33   Mr. Smith admitted that members of MCESD7 had contacted him about Ms. Crivelli.

1.34   Mr. Smith said he "was already aware of the matter as I [Mr. Smith] had been contacted by individuals she has previously worked with, and I had told them I did not want to know the details."

1.35   Mr. Smith told Ms. Crivelli that he is friends with a lot of the people in that fire department that knew Ms. Crivelli.

1.36   The tone used by Mr. Smith was chilling and intimidating.

1.37   Mr. Smith said that he expected a fresh start with Katy but ominously cautioned that there were a lot of firefighters at Katy that were friends with the firefighters in Montgomery County.

1.38   Mr. Smith's tone, body language, and reminder of the number of friends linking the two departments was intended to send a message and discourage Ms. Crivelli from filing her charge of discrimination and retaliation.

1.39   Ms. Crivelli filed the charge of discrimination and retaliation on October 26, 2018 against Montgomery County Emergency Services District No. 7.

**Male Firefighters Ramp Up the Discrimination and Relatiation.**

1.40   Unable to tolerate complaints of discrimination, the Katy firefighters made Ms. Crivelli aware of their displeasure in retaliation.

1.41   It is clear that members of Ms. Crivelli's shift, whether told by her or not, were aware of the charge of discrimination and her legal matters involving her former employer.

1.42   Mr. Smith again made this clear when he said: "As to employees of the Shift knowing her legal matters, I [Mr. Smith] had already heard during conversations that they knew of them, either from acquaintances from other Department or from R. Crivelli.  Some of them relayed details such as the matter involved her not passing an agility test at a previous department."

1.43   Whatever limited comradery and support provided to Ms. Crivelli vanished following the filing of Ms. Crivelli's charge of discrimination.

1.44   Members of the MCESD7 and Katy continued communicating regarding Ms. Crivelli.

1.45   Ms. Crivelli actually observed one Katy Co-worker texting with someone from her previous employer, MCESD7.   When asked, the firefighter denied any texts.

### Asst. Chief Dana Massey Asks About a Complaint

1.46   On November 2, 2018, Chief Dana Massey and her secretary Laura Wylie greeted Ms. Crivelli.

1.47   Chief Massey is the only female chief at the Katy Fire Department.

1.48   Ms. Massey said that she had heard a rumor about Ms. Crivelli, that she was not studying to be an engine operator.

1.49   Ms. Crivelli said that she wanted to, but did not have the books.

1.50   Ms. Massey got Ms. Crivelli the books and asked her if things were going well.

1.51   Ms. Crivelli said that it was different and hard being a rookie and that Mr. Pedro did not like females in fire service.

1.52   Ms. Massey asked if Ms. Crivelli wanted to file a complaint.  Ms. Crivelli said that she would handle it herself.

## The Male Firefighters Continue Their Abuse

1.53   On November 13, 2018, Mr. Pedro, Mr. Courter, and Ms. Crivelli were making breakfast.   Ms. Crivelli pointed out that they were making kolaches and not biscuits.   Mr. Pedro snapped back at her and said "you have no idea what I can do to you."

1.54   Another female firefighter, June Ha, was also subjected to harassment and intimidation that was observed by Ms. Crivelli.

1.55   Ms. Ha was attempting to pass her Emergency Medicine Technician Paramedic certification.   In order to do so, she had to pass CPR training.

1.56   Every time, Ms. Ha was being put through the training, the male firefighters would act ensure she failed.

1.57   Ms. Ha was on probation at the time.

1.58   The male firefighters helping her with the test deliberately sabotaged Ms. Ha's score by not stopping CPR when Ms. Ha instructed.   This changed one of her scores and resulted in a failure.

1.59   Ms. Crivelli came out from the testing area and heard Mr. Hardy and Mr. Adam Lipsman brag and laughing that Ms. Ha had failed.   Ms. Crivelli said that it appeared that they had intentionally ignored Ms. Ha's

instructions to stop.  Mr. Hardy said that it did not matter because she was going to fail anyway.

## Ms. Crivelli Thought About Requesting A Shift Change

1.60   Ms. Crivelli was assigned to and spent her time working on B Shift.

1.61   Fire stations have various shifts assigned to various firefighters and officers.

1.62   The shift generally stays, sleeps, eats, and works together.

1.63   On November 13, 2018, Ms. Crivelli called Lieutenant Lee and asked for a reference to another fire station.

1.64   Lt. Lee asked why she wanted to leave and she told him that she was being treated differently and that the other firefighters made her feel like an outcast.

1.65   Lt. Lee suggested that Ms. Crivelli try a shift change.

1.66   Ms. Crivelli approached Lt. Hardy, who was in charge of A Shift, and requested a shift change.  Lt. Hardy asked why and Ms. Crivelli told him that she was having issues on the B Shift. Lt. Hardy said that Ms. Crivelli would have to speak to her own officers and go through the chain of command.

1.67   Ms. Crivelli had a good shift this time, so she decided to give it another try.

1.68   Prior to her next shift, Ms. Crivelli was accused of sexual harassment and placed on administrative leave.

### Katy "Collects" Complaints Against Ms. Crivelli

1.69   Prior to Ms. Crivelli's November 13, 2018 shift, the Katy Fire Department was investigating her with an eye towards termination.

1.70   On November 5, 2018, Kenneth Parker, Assistant Chief of Operations, relayed "complaints" about Ms. Crivelli in an email to Battalion Chief Smith.

1.71   This complaint focused on "complaints regarding the member's [Ms. Crivelli's] attitude and demeanor."

1.72   Mr. Smith met with Mr. Parker on November 7, 2018.  No formal complaints had been made at that time, just generalized "complaints" about attitude and demeanor.

1.73   Nevertheless, Mr. Smith initiated an investigation against Ms. Crivelli.

1.74   Mr. Smith interviewed the individual who made the complaint – the identity has not been revealed – who said that he had been involved in a verbal dispute with Ms. Crivelli.

1.75   The individual told Mr. Smith that Ms. Crivelli had told this individual that "I feel like you don't like me."

1.76   The individual responded "I don't have a problem with you."

1.77   This individual told Mr. Smith that many other members of the shift were having issues with Ms. Crivelli's attitude or conduct towards them.

1.78   Therefore, Mr. Smith expanded the investigation into the general morale of the department, focusing on Ms. Crivelli.

1.79   Ms. Crivelli was not interviewed.

1.80   Ms. Crivelli was not informed that she was under investigation.

1.81   Instead, Mr. Smith asked other members of the shift if they were having issues with Ms. Crivelli.

1.82   Mr. Smith collected complaints against Ms. Crivelli and packaged them up to justify her termination.

**The Complaints Were Used As a Prextet To Retaliate and Discriminate**

1.83   There were initially six charges made against Ms. Crivelli.

1.84   Only two were used to justify the termination.

1.85   The result was pre-ordained.

1.86   Within less than a month of filing a charge of discrimination and retaliation, a formal investigation of Ms. Crivelli was started.

1.87   As Mr. Smith said:  "When I filed the request for a formal investigation of R. Crivelli's conduct on 14 November, 2018 ....It was my judgement at the time the complaint did have merit…"

1.88   Mr. Smith had already made up his mind without ever speaking or interviewing Ms. Crivelli.

1.89   The abandoned general accusations regarding interactions were not sufficient to rise to the level of termination.

1.90   But there were two accusations that were used to justify termination:  (1) that Ms. Crivelli drew a "penis" with her finger on a firefighter's back, and (2) that Ms. Crivelli showed a "sexual fetish" picture to another firefighter.

**Ms. Crivelli Did Not Draw A "Penis" on a Firefighter's Back.**

1.91   On November 14, 2018, Ms. Crivelli, while standing around the station house, asked Mr. Briscoe if she could draw on his back with her finger.  Mr. Briscoe said yes.

1.92    Ms. Crivelli drew Mr. Briscoe's name.    Mr. Briscoe did not recognize it.

1.93    Ms. Crivelli then asked Mr. Lee if she could do the same to him. Mr. Lee said yes.

1.94    Ms. Crivelli drew a rifle/gun on Mr. Lee's back.

1.95    Ms. Crivelli asked if Mr. Lee knew what that was and he said it was a penis.

1.96    Ms. Crivelli laughed and responded sarcastically that was her favorite thing to draw.

1.97    Every person witnessing this event laughed.

1.98    No person expressed any discomfort or any indication that this behavior rose to the level of sexual harassment.

1.99    No person objected to Ms. Crivelli.

1.100   This event would never have been reported if Mr. Smith was not actively seeking a reason for termination in retaliation for Ms. Crivelli's protected conduct.

1.101   Katy never asked Ms. Crivelli her version of the events prior to placing her on unpaid suspension and terminating her employment.

**The Photograph of People At Walmart.**

1.102 The other alleged reason for termination was that on October 20,

2018, Ms. Crivelli showed a photograph to Mr. Clark.

1.103 The picture is:



1.104 Katy called this photo a "sexual fetish" and declared that it was

sexual harassment.

1.105 The context was ignored.

1.106 Ms. Crivelli was not interviewed or questioned in connection with this alleged violation of a sexual harassment policy.

1.107 Other, similarly situated male firefighters were not terminated or accused of sexual harassment for showing actual pornographic photos or photos of individual firefighters on the toilet.

1.108 This photo was shown in the context of a firefighter who was being controlled by his spouse.

1.109 The "zero tolerance" for sexual harassment and for violations of policy was not applied equally or with the same results for similarly situated male firefighters.

1.110 Upon information and belief, Ms. Crivelli is the only Katy firefighter to have been terminated for drawing a gun and showing a photo from People of Walmart.

**Ms. Crivelli Is Terminated**

1.111 Ms. Crivelli was not interviewed prior to her termination nor given a chance to provide evidence.

1.112 Ms. Crivelli was given a confidentiality order and Garrity warnings but was forbidden to contact any witness or to even know what

the charges were until the investigation was "complete" and the decision to terminate had been made.

1.113 Katy provided Ms. Crivelli with a perfunctory hearing before the City Council which rubber stamped the decision made by the Chief of the Fire Department.

1.114 On December 17, 2018, Ms. Crivelli was terminated from the Katy Fire Department.

1.115 All conditions precedent have been met prior to the filing of this lawsuit.

## 2.

### First Cause of Action

### Discrimination on the Basis of Sex

### Title VII, Civil Rights Act of 1964, as amended

2.1    Ms. Crivelli incorporates all averments of fact into this cause of action as if repeated verbatim.

2.2    Ms. Crivelli is a member of a protected class: female.

2.3    Ms. Crivelli was qualified to do her job through training, experience, and knowledge.

2.4    Captain Crivelli was subjected to an adverse employment action by suspending and terminating her from her employment.

2.5    Katy treated Ms. Crivelli differently from similarly situated male firefighters who had either engaged in real sexual harassment, sexualized conduct, or passed around sexual pictures.

2.6    The reasons Katy advanced for termination were based on a biased and incomplete investigation that was pre-ordained.

2.7    Katy violated its own policies and procedures in conducting the investigation, failed to conduct a complete and unbiased investigation, and did not interview Ms. Crivelli at all.

2.8 Katy treated similarly situated male firefighters differently by not paying attention or even investigation complaints made by Ms. Crivelli.

2.9    Katy articulated false and pretextual reasons for termination based upon the alleged sexual harassment of male firefighters by Ms. Crivelli.

2.10   Katy terminated Captain Crivelli causing her damage in the form of lost wages, lost benefits, and other emoluments of employment, for which she now sues.

2.11   The actions of  Katy and its employees has caused Ms. Crivelli mental anguish and emotional distress for which she now sues.

2.12   Ms. Crivelli was required to hire an attorney to prosecute these claims. Ms. Crivelli has incurred reasonable and necessary attorney's fees and expenses in bringing this case.  Ms. Crivelli seeks recovery of such reasonable and necessary fees and expenses.

**3.**

**<u>Second Cause of Action</u>**

**<u>Retaliation for Engaging in Protected Conduct</u>**

**<u>Title VII, Civil Rights Act of 1964, as amended</u>**

3.1    Ms. Crivelli incorporates all averments of fact into this cause of action as if repeated verbatim.

3.2    Ms. Crivelli engaged in protected conduct while working at Katy. Specifically, Ms. Crivelli complained of sex discrimination in the workplace, opposed sex discrimination in the workplace, filed a charge of discrimination with the EEOC, and participated in investigations involving discrimination in the workplace.

3.3    Katy was aware of Ms. Crivelli's protected conduct. Through Ms. Crivelli's statements as well as through other back channels, including texting and other communications, many of the individuals involved in retaliating against Ms. Crivelli knew her reports of sex discrimination and other protected conduct.

3.4     Katy and its employees carried out adverse employment actions and retaliated against Ms. Crivelli within days of discovering that Ms. Crivelli was filing a charge of discrimination.

3.5    But for Ms. Crivelli's protected conduct, Katy would not have retaliated and terminated Ms. Crivelli.

3.6    Katy retaliated against Ms. Crivelli causing damages in the form of lost wages, lost benefits, and other emoluments of employment, for which she now sues.

3.7    The actions of Katy and its employees has caused Ms. Crivelli mental anguish and emotional distress for which she now sues.

3.8    Ms. Crivelli was required to hire an attorney to prosecute these claims. Ms. Crivelli has incurred reasonable and necessary attorney's fees and expenses in bringing this case.  Ms. Crivelli seeks recovery of such reasonable and necessary fees and expenses.

## 4.

## Parties

4.1    Rachael Crivelli is a female resident of the Southern District of Texas.

4.2    Katy, Texas is home rule city chartered in 1946 in Harris, Fort Bend, and Waller County.  Service of process may be had upon the Mayor of Katy, Texas, William Hastings, at 901 Avenue C Katy, TX 77493 or wherever he may be found.

**5.**

**Jurisdiction and Venue**

5.1     This Court has federal question jurisdiction under 28 U.S.C. § 1331.  This case is brought under to the Civil Rights Act of 1964, as amended, §§ 2000e, *et seq.*

5.2     Venue is proper in the Southern District of Texas, Houston Division as all of the acts identified in this Complaint occurred within this District and Division.

**Jury Demand**

Pursuant to the 7th Amendment to the United States Constitution, Captain Crivelli respectfully requests and demands a trial by jury.

**Prayer**

Rachael Crivelli, plaintiff, prays that the City of Katy, Texas be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Ms. Crivelli recover her damages in accordance with the evidence, including back pay, benefits, other emoluments of employment, compensatory and mental anguish, appropriate taxable costs of court, and reasonable and necessary attorney's fees.  Ms. Crivelli also prays for such

pre- and post-judgment interest as permitted by law, and for such other and

further relief, both general and specific, both in law and in equity, to which

Ms. Crivelli may be justly entitled.

Respectfully submitted,

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
Texas Bar No. 15405420
Attorney-in-Charge
Josef F. Buenker
Texas Bar No. 03316860
2060 North Loop West, Suite 215
Houston, TX 77018
Phone: 713-868-3388
Fax: (713) 683-9940
jbuenker@buenkerlaw.com
tpadgett@buenkerlaw.com

COUNSEL FOR PLAINTIFF