United States District Court
Southern District of Texas
**ENTERED**
August 14, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **RACHAEL CRIVELLI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-CV-02336** |
| | § | |
| **CITY OF KATY, TEXAS,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the July 20, 2023 Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Bray. (Dkt. No. 36). Judge Bray made findings and conclusions and recommended that Defendant's summary judgment motion, (Dkt. No. 24), be granted. (Dkt. No. 36). Judge Bray denied Defendant's objections to the summary judgment evidence, (Dkt. No. 31), as moot and denied Defendant's motion to exclude, (Dkt. No. 31). (Dkt. No. 36). The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

On August 3, 2023, Defendant filed objections to Judge Bray's nondispositive evidentiary rulings. (Dkt. No. 37). In accordance with 28 U.S.C. § 636(b)(1)(A), the Court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The Court has considered Defendant's objections and finds that Judge Bray's ruling was neither clearly erroneous nor contrary to law.

On August 4, 2023, Plaintiff filed objections to Judge Bray's recommendation that Defendant's motion for summary judgment be granted. (Dkt. No. 38). First, Plaintiff objects to Judge Bray's finding that Plaintiff failed to present sufficient evidence of pretext. Second, Plaintiff objects that Judge Bray's finding on pretext was in error under the legal standards articulated by the United States Supreme Court and the Fifth Circuit Court of Appeals. Third, Plaintiff objects that Judge Bray's finding that Defendant would have terminated Plaintiff regardless of the statements by a coworker was in error. Fourth, Plaintiff objects that Judge Bray used a formulation of the cat's paw theory that imposed requirements not found applicable by the United States Supreme Court. Fifth, Plaintiff objects that Judge Bray did not give Plaintiff all reasonable inferences on the evidence or that he made improper credibility determinations.

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court.

2

It is therefore ordered that:

(1)     Judge Bray's M&R, (Dkt. No. 36), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2)     Defendants' Motion for Summary Judgment, (Dkt. No. 24), is **GRANTED**.

It is SO ORDERED.

Signed on August 11, 2023.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**